IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MIGUEL DAVID GEDO,<br><br>    Plaintiff,<br><br><br><br><br>vs.<br><br><br>JAMES R. TAYLOR; JOHN C. BACKLUND; ROBERT J. CHURCH; CHRISTY GEE; BECKY DOWNEY; OREM CITY POLICE OFFICER #356; JOHN DOES #1 - #10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS OREM DEFENDANTS; GRANTING STATE DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT<br><br><br><br>Case No. 2:06-CV-116 TS |

    This matter is before the Court on Motions to Dismiss filed by the Defendants and a Request for Entry of a Default Judgment by Plaintiff. Plaintiff brings claims under 42 U.S.C. §1983 for violations of his due process rights, and for civil conspiracy, mail fraud, and computer crimes. His allegations arise from a traffic court case and generally allege wrongdoing in connection with alleged discrepancies of dates of postmarks, orders and

certificates of mailing, or alleged alterations to docket entry dates. The relief he seeks in his Complaint is to have Defendants removed or suspended from employment, referral for criminal prosecution, institution of impeachment proceedings for defendants who are judges, or other judicial proceedings to remove the non-judicial defendants, and money damages. Robert J. Church and Orem City Police Officer #356 will be referred to as the Orem Defendants. The remaining defendants will be referred to as the State Defendants.

### A. STANDARDS OF REVIEW

An absolute immunity defense may be asserted in a Rule 12(b)(6) motion, in which the Court asks "if the allegations of the complaint disclose activities protected by absolute immunity."[1] In considering a Rule 12(b)(6) Motion, the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff"[2] and will not dismiss a Complaint for failure to state a claim "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3] But "conclusory allegations without supporting factual averments are" not sufficient.[4]

Because Ballenger proceeds pro se, the Court must construe his pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by

---

[1] *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (prosecutorial immunity).

[2] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[3] *Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[4] *Hall*, 935 F.2d at 1110.

lawyers.[5]  This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[6]  No special legal training is required to recount facts surrounding an alleged injury, and pro se litigants must allege sufficient facts, on which a recognized legal claim could be based.[7]  The Court should dismiss the claim "only where it is obvious that he cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[8]  "Dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."[9]

### B.  OREM DEFENDANTS' MOTION TO DISMISS

The Orem Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff fails to allege a constitutional violation and that they have immunity from suit for the actions alleged.  Plaintiff has not filed a response to the Orem Defendant's Motion to Dismiss.

---

[5]*Id*.

[6]*Id*.

[7]*Id*.

[8]*Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

[9]*Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1126 (10th Cir. 1997)).

Plaintiff's allegations against defendant Church are that in his role as Orem City prosecutor he filed a motion and memorandum in opposition to Plaintiff's motion and conspired with another defendant, a judge, to change the date of some file stamped documents in the traffic case.

Prosecutors enjoy absolute immunity to liability under § 1983 for actions "within the scope of their prosecutorial duties."[10] The filing of documents in opposition to motions and communications with a judge regarding a pending case are within the scope of prosecutorial duties because they are intimately associated with the judicial phase of the criminal process.[11] Thus, Defendant Church is absolutely immune from suit arising from actions and omissions relating to such prosecutorial duties.

Plaintiff's allegations against Defendant Officer #356 (Michael Dutson) are that he committed perjury by giving false and inconsistent material statements at the state court trial. The law is clear that witnesses are absolutely immune from damages liability based on their testimony."[12]

Accordingly, the Orem Defendants having shown that they are entitled to absolute immunity from suit, the Court will grant the Orem Defendants' Motion to Dismiss.

C.  PLAINTIFF'S OBJECTION TO APPEARANCE OF UTAH ATTORNEY GENERAL AND REQUEST FOR COURT TO ISSUE DEFAULT JUDGMENT

---

[10] *Arnold v. McClain,* 926 F.2d 963, 966 (10th Cir. 1991).

[11] *Imbler v. Pachman*, 424 U.S. 409, 430 (1976).

[12] *Briscoe v. LaHue,* 460 U.S. 325, 326 (1983).

4

Plaintiff filed his Request for Default Judgment and Objection to the Appearance of the Utah Attorney General as part of his Objection to the State Defendants' Motion for an Enlargement of Time to file an answer or to otherwise respond to the Complaint.[13]  He contends that because their Motion for an Enlargement of Time was not timely, any response is not timely and they are in default.

The Court finds that the Motion for Extension of Time was filed timely because it was filed on the date the response was due and therefore was filed before the expiration of the time period to respond.[14]  The Court granted the Motion and entered an Order[15] allowing the State Defendants up through March 20, 2006, to file an answer or otherwise respond.  The State Defendants filed their Motion to Dismiss on March 15, 2006,[16] therefore there is no failure to respond.  Accordingly, there being no default, the Motion for Default Judgment must be denied.

The Court construes Plaintiff's Objection to the Appearance of the Utah Attorney General and any member of his staff as a motion to disqualify them.  He has not stated grounds for their disqualification and the Motion will be denied.

### D.   STATE DEFENDANTS' MOTION TO DISMISS

The State Defendants are James R. Taylor and John C. Backlund, state court judges (Judicial Defendants), and Becky Downey and Christy Gee, employed as a court

---

[13] Docket No. 16.

[14] Fed.R.Civ.P. 6(b).

[15] Docket No. 17.

[16] Docket No. 19.

clerks (the Clerk Defendants).  Plaintiff alleges that the Judicial Defendants acted improperly regarding dating or mailing, and failed to rule on motions or requests in an attempt to avoid recusal.  He alleges that the Clerk Defendants assisted with these actions or assisted with the prosecutor's actions.  He also alleges the Clerk Defendants deposed false affidavits, but does not allege the reason of circumstances of such affidavits.  The State Defendants seek dismissal on the following grounds: (1) the Judge Defendants have absolute judicial immunity from suit; (2) the Clerk Defendants have quasi-judicial immunity; (3) to the extent that any defendant is sued in his or her official capacity, they have Eleventh Amendment immunity from suit; and (4) Plaintiff has failed to allege facts that state a claim for any violation of a constitutional right.

Judges are entitled to absolute judicial immunity for acts taken in a judge's judicial capacity.[17]  Considering the allegations of the Complaint, all of the actions alleged by Plaintiff regarding the two Judicial Defendants are acts taken in their judicial capacity and they are therefore entitled to absolute immunity.

There are insufficient facts alleged regarding the Clerk Defendants to determine if they are among those non-judicial officers whose "duties had an integral relationship with the judicial process" and are therefore entitled to qualified immunity.[18]  However, having liberally construed the complaint and having presumed that all of Plaintiff's factual allegations are true and construed them in the light most favorable to the Plaintiff, he does

---

[17]*Mireles v. Waco,* 502 U.S. 9, 9 (1991).

[18]*Lundahl v. Zimmer,* 296 F.3d 936, 939 (10th Cir. 2002).

not state a claim for any violation of any constitutional right against the Clerk Defendants. Accordingly, the Complaint must be dismissed as to them.

### E.  PLAINTIFF'S REQUEST FOR DISCOVERY AND REQUEST FOR MANDATORY JOINDER

In Plaintiff's Opposition[19] to the State Defendant's Motion to Dismiss, Plaintiff seeks discovery relating to a criminal action and seeks mandatory joinder of a long list of judges court clerks and the United States of Mexico and its consulate.

The Court finds that it is not an adequate discovery request, because among other reasons, it relates to criminal proceedings and this is a civil case.  Further, the request does not state why it is necessary for the resolution of the present motions.

The Court construes the Request for Mandatory "Jointer" as a motion under Fed.R.Civ.P. 19 for joinder of persons needed for just adjudication.  The Request fails to state any grounds for mandatory joinder.[20]  Further the mandatory joinder provisions does not provide a joinder mechanism that can be used by a Plaintiff unless a counterclaim is filed.[21]  Although the Court construes Plaintiff's pleadings liberally, he must still abide by the Rules of Civil Procedure.[22]   Further, the Court agrees with Defendants that all of the

---

[19] Docket No. 22.

[20] Fed.R.Civ.P. 19(a).

[21] *Shaw v. AAA Eng'g & Drafting Inc.*, 138 Fed. Appx. 62 (10th Cir. 2005) (citing *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 669 (6th Cir. 2004) ("Rule 10 is the tool of the defendant, as the plaintiff has the power to choose which partis it wishes to sue and generally has ample freedom to amend . . . to add a party.)".

[22] *Ogden v. San Juan County*, 32 F.3d 452 (10th Cir. 1994).

persons sought to be joined appear to be entitled to absolute judicial or sovereign immunity. Therefore, the Court will deny those requests.

Finally, the Court notes that many of the Plaintiff's requests, such as his request that Defendants be subjected to sodium pentathol are frivolous. A claim is frivolous if it "lacks an arguable basis either in law or in fact."[23]

F.  DEFENDANT'S REQUEST FOR SANCTIONS UNDER 28 U.S.C. § 1927

The State Defendants point out that Plaintiff uses threatening language[24] against them and seek an award of attorney fees and expenses[25] under 28 U.S.C. § 1927.

Section 1927 provides :"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

"Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law. They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted."[26]

---

[23] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[24] Docket No. 22 at 3.

[25] Docket No. 24 at 3-4.

[26] *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.,* 430 F.3d 1269, 1278 (10th Cir. 2005).

8

There is a split of authority on the issue of whether § 1927 applies to pro se litigants.[27] This Court need not resolve the issue because it does not find that the inappropriate threats themselves multiplied these proceedings. The Court does note that other basis of imposing sanctions are available and may be imposed if there is any other such grossly improper conduct.[28]

## G.  CONCLUSION AND ORDER

Defendants are entitled to absolute testimonial, judicial, and prosecutorial immunity and, as in the case of the Clerk Defendants, it is apparent that Plaintiff alleges no facts that state any recognizable claim for a violation of constitutional rights.  Under these circumstances, it would be futile to allow him to amend the Complaint.  It is therefore

ORDERED that the Orem Defendants' Motion to Dismiss (Docket No. 10) is GRANTED and the Complaint is Dismissed with prejudice as to Defendants Robert J. Church and Orem City Police Officer #356 (Michael Dutson) in their individual and official capacities.  It is further

ORDERED that Plaintiff's Objection to the appearance of the State of Utah Attorney General Government Defender and Request for Court to Issue Default Judgment on Plaintiff's Behalf (Docket No. 16) are DENIED.  It is further

---

[27] *Alexander v. U.S.*, 121 F.3d 312 (7th Cir. 1997) (explaining split and declining to take sides.

[28] *See Clements v. Chapman*, 2006 WL 1739826 (10th Cir. 2006) (affirming trial court's imposition of $5,000 Rule 11 fine against pro se litigant for filing frivolous amended complaint for purpose of harassing defendant); *Dwire v. Toth*, 64 Fed. Appx. 668 (10th Cir. 2003) (affirming trial court's Rule 11 award of attorney fees and costs against pro se plaintiff for filing repetitive claims).

9

ORDERED that the State Defendants' Motion to Dismiss (Docket No. 19) is GRANTED and the Complaint is DISMISSED with prejudice as to defendants James R. Taylor, John C. Backlund, Christy Gee, Becky Downey in their individual and official capacities.  It is further

ORDERED that the State Defendants' request for sanctions under 28 U.S.C. § 1927 (Docket No. 24) is DENIED.  It is further

ORDERED that Plaintiff's Request for Mandatory Joinder and Request for Discovery (Docket No. 22) is DENIED.  It is further

ORDERED that the Clerk of Court shall enter a judgment in favor of defendants and against Plaintiff dismissing all of Plaintiff's claims with prejudice.

DATED  September 18, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge